UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **RODRIQUE BRADLEY** | **CIVIL ACTION NO. 5:15-cv-1849** |
|     **LA. DOC #528815** | |
| **VS.** | **SECTION P** |
| | **JUDGE S. MAURICE HICKS** |
| **WARDEN NATHAN B. CAIN, II** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Petitioner Rodrique Bradley, an inmate in the custody of Louisiana's Department of Corrections, represented herein by attorney Ross E. Shacklette, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on June 10, 2015. Petitioner attacks his 2007 conviction for aggravated second degree battery, the enhancement of his sentence under the firearms provision of La. C.Cr.P. art. 893.3 and the 15 year hard labor sentence imposed by the First Judicial District Court, Caddo Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Statement of the Case*

On July 23, 2007, petitioner was convicted of aggravated second degree battery. On September 17, 2007, he was sentenced to serve 15 years at hard labor. Doc. 1, ¶1-7]

He appealed to the Second Circuit Court of Appeal and on October 29, 2008, his conviction and sentence were affirmed. *State of Louisiana v. Rodrique Bradley*, 43,593 (La.

10/29/2008), 997 So.2d 694.[1]

His application for writs was denied by the Supreme Court without comment on September 18, 2009. *State of Louisiana v. Rodrique A. Bradley*, 2008-2997 (La. 9/18/2009), 17 So.3d 384. His petition for *certiorari* was denied by the United States Supreme Court on April 19, 2010. *Rodrique Bradley v. State of Louisiana*, 559 U.S. 1068 (2010).

On September 19, 2011, he filed an application for post-conviction relief in the First Judicial District Court. He raised a claim of ineffective assistance of counsel. His application

---

[1] Apropos to the case at bar, the Court of Appeals noted, "The defendant urges that the trial court erred in accepting the jury's finding that the defendant had used or discharged a weapon because the verdict did not comply with the requirements of La. C. Cr. P. art. 893.3(D). It provides:

D. If the court finds by clear and convincing evidence that a firearm was actually used or discharged by the defendant during the commission of the felony for which he was convicted, and thereby caused bodily injury, the court shall impose a term of imprisonment of fifteen years; however, if the maximum sentence for the underlying felony is less than fifteen years, the court shall impose the maximum sentence.

As noted, the jury's verdict form provided:

1. We, the jury, find the defendant, Rodrique A. Bradley, guilty as charged of AGGRAVATED SECOND DEGREE BATTERY;

(a) Do you (the Jury) find that a weapon was actually used or discharged by the defendant during the commission of the offense. YES X NO ____

The defendant did not object to the jury charge or to this form prior to submission of the case to the jury.

The offense of aggravated second degree battery carries a sentence of imprisonment at hard labor for up to 15 years. La. R.S. 14:34.7(B). The defendant's sentence, although apparently enhanced under La. C. Cr. P. art. 893.3, is within this range, so there is no violation in this case of the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-2363, 147 L.Ed.2d 435 (2000), because *Apprendi* only applies when the enhanced sentence is more severe than the maximum sentence for the original offense.

Although La. C. Cr. P. art. 893.3(D) requires a finding that the offender used a firearm, not merely a 'weapon,' and a finding that the use or discharge of the firearm 'caused bodily injury,' the verdict form presented to the jury did not require the jury to make either of those findings. Nevertheless, the defendant's counsel had the opportunity to consider both the charge to the jury and the verdict form before the case was submitted to the jury and specifically denied any objection to either the charge or the verdict form. In fact, the defendant admitted to shooting the victim, although the defendant claimed that the shooting was done in self-defense. In the absence of any objection, and because the sentence imposed is within the unenhanced statutory range for the crime and the victim of this offense was seriously and permanently injured during the offense, we find that this assignment of error is without merit." *State v. Bradley*, 43,593 at **17-18; 997 So.2d 703-704.

was denied by the District Court on December 14, 2011. [Doc. 1, ¶11(a)] He did not seek review. [Doc. 1, ¶11(d) and (e); Doc. 1-1, p. 14]

On March 20, 2013, he filed a second application for post-conviction relief in the District Court raising four claims for relief: (1) ineffective assistance of counsel due to failure to convey a plea offer; (2) ineffective assistance of counsel due to failure to object to defective jury form; (3) ineffective assistance of counsel concerning improper statements by prosecutor of law on self-defense; and (4) failure to properly submit firearms enhancement to the jury as established by *Alleyne v. United States.* (Claim 4 was added as a supplemental claim sometime after June, 2013.) He was afforded an evidentiary hearing and on July 23, 2013, the District Court denied post-conviction relief. [Doc. 1, ¶11(b)] His application for writs was denied by the Second Circuit Court of Appeal on November 14, 2013. *State of Louisiana v. Rodrique Barkley*, No. 48,937-KW. [Doc. 1, pp. 16-17]

On November 7, 2014, the Louisiana Supreme Court denied writs citing La. C.Cr.P. art. 930.8 and thus concluding that petitioner's application for post-conviction relief was untimely. *State of Louisiana v. Rodrique A. Bradley*, 2013-2913 (La. 11/7/2014), 152 So.3d 167. [Doc. 1, p. 18]

Petitioner, through counsel, filed the instant petition on June 10, 2015. He raises a single claim for relief, "Rodrique Bradley was improperly denied his Constitutional right to have the firearm enhancement submitted to a jury." [Doc. 1-1, p. 8] Petitioner also argues that the AEDPA's limitation period should be reckoned from June 17, 2013, the date the United States Supreme Court denied *Alleyne v. United States*, — U.S. —, 133 S.Ct. 2151 (2013).

*Law and Analysis*

*1. Limitations – Section 2244(d)(1)(A)*

Title 28 U.S.C. §2244(d)(1)(A) was amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period, as is the time between the termination of post-conviction proceedings and the filing of the federal petition. *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner's judgment of conviction "became final by the conclusion of direct review" on April 19, 2010, when his petition for *certiorari* was denied by the United States Supreme Court. *Rodrique Bradley v. State of Louisiana*, 559 U.S. 1068 (2010). He had one year from that date,

---

[2] As previously noted, petitioner maintains that he is entitled to have limitations reckoned as provided by Section 2244(d)(1)(C). That assertion is analyzed in Part 2, below.

or until April 19, 2011, to file a timely federal *habeas corpus* petition. He cannot rely upon the tolling provision of Section 2244(d)(2) because he did not file his first application for post-conviction relief until September 19, 2011 [Doc. 1, ¶11(a)] and by that time the period of limitations had already expired.

*2. Limitations – Section 2244(d)(1)(C)*

Petitioner argues that the AEDPA's limitation period should be reckoned as provided in Section 2244(d)(1)(C), "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review..." He relies on *Alleyne v. United States*, — U.S. —, 133 S.Ct. 2151 (2013) as the case which initially recognized his constitutional right to have the jury determine whether he should be sentenced in accordance with the firearm enhancement provision of La. C.Cr.P. art. 893.3(D) and thereby asserts that AEDPA limitations should be reckoned from June 17, 2013, the date the United States Supreme Court decided *Alleyne*.

In order to be eligible for the benefits of Section 2244(d)(1)(C), the "right ... newly recognized by the Supreme Court..." must have been "... made retroactively applicable to cases on collateral review..." However, the Fifth Circuit Court of Appeals has made it abundantly clear that *Alleyne* is <u>NOT RETROACTIVE</u>. *United States v. Olvera*, 775 F.3d 727 (5th Cir. 2015); *In re: Kemper*, 735 F.3d 211 (5th Cir. 2013). In short, petitioner is not entitled to have limitations reckoned from June 17, 2013.

*4. Equitable Tolling*

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare

and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

In short, the circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

Further, the record demonstrates that petitioner was far from diligent in asserting his claims. As noted above, a period of 17 months elapsed between the date his judgment of conviction became final and the day he filed his first application for post-conviction relief. His first application was dismissed on December 14, 2011, and he did not seek review of the dismissal. Thereafter, another 15 months elapsed before he filed his second application for post-conviction relief on March 20, 2013. He then allowed a period of 7 additional months to elapse between the date the Supreme Court denied writs ending his second round of post-conviction relief and the date he filed the instant petition. Petitioner is clearly not entitled to equitable tolling.

*Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by**

**Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, July 20, 2015.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**